IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DEVONA COTHAM,

    Plaintiff,

v.                                                  No. 01-2837

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

___

ORDER ADOPTING IN PART AND REVERSING IN PART
MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

___

The Plaintiff, Devona F. Cotham, appealed from a decision of the Commissioner of Social Security denying her application for disability insurance benefits. After the Court affirmed a magistrate judge's report recommending reversal of the Administrative Law Judge's decision, Cotham filed a motion seeking an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). On November 12, 2003, the Court referred the motion to Magistrate Judge James H. Allen, who subsequently transferred the case to Magistrate Judge S. Thomas Anderson.[1] Judge Anderson entered an order granting in part the Plaintiff's request for attorney fees on July 28, 2004.[2] Currently pending before the Court is Plaintiff's motion for rehearing on the

---

[1] In Judge Allen's order of transfer, he noted that the parties had consented to a trial by the magistrate judge. However, upon review of the Court's docket, no such consent was found in the file and thus, the Court assumes the parties never agreed for this matter to be tried by a magistrate judge.

[2] As the Plaintiff correctly points out, because the parties had not consented to a trial by a magistrate judge, the order should have been entered as a recommendation. Because of this fact,

1

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on 5-16-05



issue of attorney fees. As the issues have been fully briefed, disposition of the motion is now appropriate.

## BACKGROUND

The parties do not dispute that Plaintiff is the prevailing party in this case and that attorney fees should be awarded under the EAJA but disagree over the amounts requested. Initially, Plaintiff sought fees totaling $4,892.15 based on 29.9 hours at $143.55 per hour for work performed by two attorneys, and 10.0 hours at $60.00 per hour for work performed by a paralegal. (Pl.s Pet. Att'y Fees at 1.) Cotham seeks an additional $1,148.40 (8 hours at $143.55 per hour) for fees incurred in preparing a reply to Defendant's response to Plaintiff's petition for attorney fees and $574.20 (4 hours at $143.55 per hour) in attorney fees for preparing a reply to Defendant's sur-reply to Plaintiff's petition. (Pl.'s Reply Def.'s Resp. Pl.'s Application Att'y Fees at 15; Pl.'s Reply Def.'s Sur-Reply Pl.'s Application Att'y Fees at 4.) The Defendant contends that Plaintiff's requests are unreasonable.

In ruling on Plaintiff's petition for attorney fees, the magistrate judge found that the she failed to carry her burden of demonstrating the reasonableness of the requested rate and awarded her the statutory rate of $125. Judge Anderson noted that 28 U.S.C. § 2412(d)(2)(A) requires that the fee award "be based upon prevailing market rates for the kind and quality of the services furnished

---

Cotham seeks to have the magistrate judge reenter the order as a report and recommendation. However, this step is unnecessary as the Court will simply consider Judge Anderson's order as a report and recommendation and review it under a de novo standard pursuant to Rule 72(b) of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure establish the standard of review of a report and recommendation by a district judge, who "shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made . . . . The district judge may accept, reject, or modify the recommended decision . . . ." FED. R. CIV. P. 72(b).

except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Cotham submitted affidavits for each of her attorneys whose hourly rates varied from $150 to $175 and evidence of an increase in the Consumer Price Index ("CPI") from March 1996, when the EAJA was reenacted, to March 2002. Nonetheless, the magistrate judge concluded that Plaintiff had not met her burden of demonstrating that the prevailing market rate was higher than $125 and found that the Consumer Price Index and affidavits of the litigating attorneys were "simply not enough to satisfy the Court of the prevailing market rate." (Order Granting in Part Pl.'s Mot. Att'y Fees at 4.) Likewise, Judge Anderson determined that Plaintiff had not presented any evidence to demonstrate the prevailing rate for paralegals working in Memphis was $60 per hour. Having cited two cases from other districts in the region in which the prevailing paralegal rate ranged from $45 to $55 per hour, the magistrate judge found that a reasonable rate in Memphis would be $50 per hour.

Magistrate Judge Anderson also decreased the number of hours that Plaintiff requested from 37.9 to 34.1 based on the fact that some of the hours claimed were vague, duplicative, or clerical in nature. Furthermore, the magistrate judge determined that 9 of the 34.1 total hours were attributable to work performed by a paralegal. (Order Granting Part Pl.'s Mot. Att'y Fees at 6.) Since the Plaintiff did not specifically object to these portions of the recommendation, the Court adopts the magistrate judge's finding and decrease of Plaintiff's requested hours. See Fed. R. Civ. P. 72(b); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "a general objection to a magistrate report, which fails to specify the issues of contention, does not satisfy the requirement that an

3

objection be filed"); Lyons v. Comm'r of Soc. Sec., 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004) (stating that if a party does not object, the court does not need to conduct a review by any standard, but if a party objects to portions of a recommendation, the court reviews those portions de novo).

Finally, the magistrate judge found that Cotham's request for 12.0[3] hours in attorney fees from litigating the EAJA dispute to be excessive. Judge Anderson relied on Coulter v. State of Tennessee, 805 F.2d 146, 151 (6th Cir. 1986), in which the Sixth Circuit stated that "[i]n the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial." Accordingly, the magistrate judge awarded Plaintiff $125 for 1 hour of EAJA litigation fees, represented by taking 3% of 34.1 hours.

## ANALYSIS

Plaintiff contends that the magistrate judge's conclusion that she failed to prove the prevailing market rate for attorney fees is incorrect and is in conflict with other decisions of this district. Cotham points to District Judge Jon McCalla's opinion in Huggins v. Barnhart, No. 02-2611 Ml/V (W.D. Tenn. July 9, 2004), in which he stated that "[t]he Consumer Price Index is adequate proof of an increase in the cost of living and justifies an award greater than $125 per hour." See Johnson v. Sullivan, 919 F.2d 503, 504 (6th Cir. 1990) ("We believe that the Consumer Price Index constitutes 'proper proof' of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than [$125] per hour."); see also Harris v. Sullivan, 968

---

[3] The magistrate judge mistakenly found Plaintiff's request to be 14.0 hours. (See Order Granting Part Pl.'s Mot. Att'y Fees at 6.) Inasmuch as the record reveals that Cotham only seeks 12.0 hours for attorney fees related to the EAJA litigation, the Court will consider that figure as the amount requested. (See Pl.'s Reply Def.'s Resp. Pl.'s Application Att'y Fees at 14-15; Pl.'s Reply Def.'s Sur-Reply Pl.'s Application Att'y Fees at 3-4.)

4

F.2d 263, 265 (2d Cir. 1992) ("'cost of living' . . . is properly measured by the Consumer Price Index"); Allen v. Bowen, 821 F.2d 963, 967 (3d Cir. 1987).

As noted above, Judge Anderson denied Plaintiff's request for an increased hourly rate and noted that "the EAJA 'is a ceiling and not floor'" for purposes of assessing the rate to be utilized. (Order Granting Part Pl.'s Mot. Att'y Fees at 3 (quoting Chipman v. Sec'y of Health and Human Serv., 781 F.2d 545, 547 (6th Cir. 1986)).) The magistrate judge further observed that "District Courts are 'to carefully consider, rather than rubber stamp, requests for adjusted fees based on inflation.'" (Order Granting Part Pl.'s Mot. Att'y Fees at 3 (quoting Begley v. Sec'y of Health and Human Serv., 966 F.2d 196, 200 (6th Cir. 1992).) However, the Court does not read Chipman and Begley as narrowly as Judge Anderson suggests. In Begley, the Sixth Circuit stated

> [o]ur review of the record suggests that the district court may have read our decision in Chipman to foreclose any upward adjustments from the statutory ceiling. This is not correct. We interpret Chipman as a specific instruction not to use $75 [now $125] as a *minimum* hourly fee and a more general command to district courts to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation. We have neither precluded cost of living adjustments in appropriate cases, nor interfered with the authority of the district courts to decide such matters within their discretion.

Begley, 966 F.2d at 200 (emphasis in original).

Here, the Plaintiff has offered the affidavits of two attorneys and has cited to the Consumer Price Index as evidence of an increase in the cost of living. In her petition, Plaintiff submitted that the CPI was 155.7 in March 1996, when the EAJA was reenacted, and later rose to 178.8 in March 2002. (Mem. Law Supp. Pl.'s Pet. Att'y Fees at 4, attached to Pl.'s Pet. Att'y Fees (hereinafter ("Mem. Law at ___.").) Therefore, Cotham seeks an increase from $125 to $143.55 per hour based on the 14.836% increase in the CPI since 1996. "'The primary concern in an attorney fee case is that

5

the fee awarded be reasonable,' that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 349 (6th Cir. 2000) (quoting Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999) (citing Blum v. Stenson, 465 U.S. 886, 893, 897, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984))). Based on the rise in the CPI, as well as the submissions from Plaintiff's lawyers, the Court finds that Plaintiff is entitled to an increase in the hourly rate to $143.55. See Huggins, No. 02-2611 Ml V, at 3 (W.D. Tenn. July 9, 2004) (increasing the statutory rate based on the Consumer Price Index to $143.55 per hour). As Judge Anderson had found that the total pre-EAJA litigation attorney fee hours amounted to 25.1, Cotham is awarded $3,603.11 (25.1 hours times $143.55) in attorney fees for that work.

However, with respect to Plaintiff's claim for paralegal fees, the Court concludes that the magistrate judge's finding that Cotham failed to satisfy her burden of proving that $60 was a reasonable paralegal fee is supported by the record. Although she cites to Huggins in support for her position, Judge McCalla specifically noted that the defendant in that case never contested the reasonableness of the paralegal's hourly fee. As the Defendant here challenges the reasonableness of the paralegal rate, Huggins is unpersuasive on this point. The Plaintiff concedes in her motion for rehearing "that this matter was not even briefed by the parties." Thus, the Court finds that Plaintiff has failed to establish that the prevailing paralegal rate was more than that awarded. Consequently, as Judge Anderson determined, Plaintiff is entitled to $450 (9 hours at $50 per hour) in paralegal charges.

Finally, Plaintiff claimed a total of 12.0 hours in attorney fees resulting from the present EAJA litigation. Based on Coulter, the magistrate judge awarded her only one hour of fees. See Coulter, 805 F.2d at 151. In her motion, Plaintiff submits that Coulter was decided prior to

6

Commissioner, Immigration and Naturalization Service v. Jean, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990), which apparently abrogated Coulter by requiring a court to award "reasonable" fees under the EAJA. (Pl.'s Mot. Rehearing at 4.) However, none of the language to which Cotham cites indicates that Coulter was actually overruled or that only a percentage award based on the total pre-EAJA litigation hours would be unreasonable. Indeed, it appears to be excessive to expend 12 hours litigating a fee award when the merits only required a total of 34.1 hours. Thus, the Court finds the magistrate judge's reduction appropriate. However, because it would be difficult to successfully file and defend a petition for attorney fees under the EAJA in a single hour, the Court finds that an award of 3.0 hours in attorney fees is reasonable. Accordingly, Plaintiff is awarded $430.65 ($143.55 times 3.0 hours) in fees for the EAJA dispute.

## CONCLUSION

Based on a de novo review, the Court ADOPTS in part and REVERSES in part the magistrate judge's findings as set forth herein.

**IT IS SO ORDERED** this 12th day of May, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 39 in case 2:01-CV-02837 was distributed by fax, mail, or direct printing on May 16, 2005 to the parties listed.

---

Chris A. Cornaghie
LAW OFFICE OF CHRIS CORNAGHIE
1407 Union Ave.
Ste. 1203
Memphis, TN 38104

William W. Siler
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT